UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

Carmen Rodriguez, Frenchie Rodriguez, Anthony Curto and C. R., an infant under the age of eighteen years, by her mother and natural guardian Carmen Rodriguez,

                                    Plaintiffs,

-against-

The City of New York, Brian Gunn, Steven Humberg, Kenneth Neubauer, Kevin Hammerschlag, John Does 1 through 10,

                                    Defendants.

----------------------------------------------------------------X

**STIPULATION OF SETTLEMENT AND DISCONTINUANCE**

10 CV 2500 (ARR) (RER)

**WHEREAS,** plaintiffs commenced this action by filing a Complaint on or about June 2, 2010, and an Amended Complaint on or about December 14, 2010[1] (hereinafter referred to collectively as the "Complaint"), alleging, *inter alia*, violations of their constitutional rights; and

**WHEREAS,** defendants have denied any and all liability arising out of plaintiffs' allegations; and

**WHEREAS,** defendants served plaintiffs Carmen Rodriguez, Anthony Curto and Christine Rodriguez with Rule 68 Offers of Judgment on October 28, 2011;

**WHEREAS,** plaintiffs Carmen Rodriguez, Anthony Curto and Christine Rodriguez accepted the Rule 68 Offers of Judgment on or about November 8, 2011;

---

[1] An Amended Complaint also dated December 14, 2010 was filed by plaintiffs on or about March 29, 2012 to amend the name "Anthony Rodriguez" to "Anthony Curto" to reflect plaintiff Curto's proper name. See Docket Entry Nos. 19-20.

**WHEREAS**, plaintiff Frenchie Rodriguez agrees to voluntarily dismiss the claims raised in this matter as against defendants with prejudice and without further proceedings; and

**WHEREAS**, plaintiffs have authorized counsel to settle this matter on the terms set forth below;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, as follows:

1. All claims in the above-referenced action asserted by plaintiffs Carmen Rodriguez, Frenchie Rodriguez, Anthony Curto and Christine Rodriguez are hereby dismissed, with prejudice, and without costs, expenses, or fees except as specified in paragraphs "2," "3," and "5" below.

2. Defendant City of New York hereby agrees to pay plaintiff Carmen Rodriguez the sum of Seven Thousand and One Dollars ($7,001.00), plus reasonable attorney's fees, expenses, and costs, up to the date of the Rule 68 Offer, in full satisfaction of all claims by plaintiff against defendants. Defendant City of New York hereby agrees to pay plaintiff Anthony Curto the sum of Three Thousand and One Dollars ($3,001.00), plus reasonable attorney's fees, expenses, and costs, up to the date of the Rule 68 Offer, in full satisfaction of all claims by plaintiff against defendants. Defendant City of New York hereby agrees to pay infant plaintiff Christine Rodriguez the sum of Ten Thousand and One Dollars ($10,001.00), plus reasonable attorney's fees, expenses, and costs, up to the date of the Rule 68 Offer, in full satisfaction of all claims by plaintiff against defendants. In consideration for the payment of these respective sums, plaintiffs Carmen Rodriguez, Anthony Curto and Christine Rodriguez agree to dismissal of all of the claims brought against defendants City of New York, Brian Gunn,

Steven Humberg, Kenneth Neubauer, Kevin Hammerschlag, and John Does 1 through 10, and to release all defendants, and any present or former employees and agents of the City of New York or any agency thereof, from any and all liability, claims, or rights of action which were or could have been alleged in this action.

3. Plaintiffs have assigned their rights to attorneys' fees, expenses, and costs to their counsel, Darius Wadia, LLC.

4. Plaintiffs shall execute and deliver to the defendants' attorney all documents necessary to effect this settlement including, without limitation, General Releases based on the terms of paragraphs "2" and "3" above and Affidavits of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, plaintiffs shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. §1395y(b) and 42 C.F.R. §§411.22 through 411.26.

5. Counsel for plaintiffs and defendants will resolve plaintiffs' claims for reasonable attorneys' fees, expenses and costs under separate cover and pursuant to a separate stipulation.

6. Settlement of this action is conditioned on compliance with the provisions set forth in Rule 83.2(a) of the Local Civil Rules of this Court ("Settlement of Actions by or on Behalf of Infants or Incompetents, Wrongful Death Actions, and Conscious Pain and Suffering Actions") and Rule 1207 et seq. of the Civil Practice Laws and Rules for the State of New York.

7. Plaintiff Frenchie Rodriguez hereby dismisses and discontinues with prejudice any and all claims, liability, or rights of action which were or could have been alleged in this action, including claims for costs, expenses and attorneys' fees.

8. Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiffs' rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

9. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York.

10. Plaintiffs agree to hold harmless the defendants City of New York, Brian Gunn, Steven Humberg, Kenneth Neubauer, Kevin Hammerschlag, and John Does 1 through 10, regarding any liens or past and/or future Medicare payments, presently known or unknown in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendants reserves the right to issue a multiparty settlement checks, naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

11.     This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

DARIUS WADIA
*Attorney for Plaintiffs*

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
*Attorney for defendants City of New York,
Brian Gunn, Steven Humberg, Kenneth
Neubauer, Kevin Hammerschlag*

By: _____
Darius Wadia, Esq.
Darius Wadia, LLC
233 Broadway, Suite 2208
New York, NY 10279
(212) 233-1212
dwadia@wadialaw.com

By: _____
Jenny Weng
Assistant Corporation Counsel
Special Federal Litigation Division
New York City Law Department
100 Church Street, Room 3-173
New York, New York 10007
(212) 788-1277
jweng@law.nyc.gov

Dated: New York, New York
_____, 2012

Dated: New York, New York
   April  17   , 2012

SO ORDERED:

Dated: New York, New York

_____, 2012

_____
HON. ALLYNE R. ROSS
UNITED STATES DISTRICT JUDGE